{¶ 27} I respectfully dissent from the majority's analysis and disposition of appellant Tokio's sole assignment of error.
 {¶ 28} In the case sub judice, the business auto policy issued by appellant Tokio to Fujifilm, Mr. Amore's employer, contains an Ohio uninsured motorists coverage form that defines an "insured" for purposes of underinsured motorist coverage as follows:
 {¶ 29} "B. Who Is An Insured
 {¶ 30} "1. You.
 {¶ 31} "2. If you are an individual, any 'family member'.
 {¶ 32} "3. Anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto'. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 33} "4. Anyone for damages he or she is entitled to recover because of 'bodily injury' sustained by another 'insured'."
 {¶ 34} The same language was contained in the uninsured motorist coverage form in Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
 {¶ 35} The policy also contains a "Drive Other Car Coverage -Broadened Coverage for Named Individuals" endorsement stating, in relevant part, as follows:
 {¶ 36} "C. Changes in Auto Medical Payments And Uninsured And Underinsured Motorists Coverages. The following is added to WHO IS AN INSURED: Any individual named in the Schedule and his or her 'family members' are 'insured' while 'occupying' or while a pedestrian when being struck by any 'auto' you don't own except: Any 'auto' owned by that individual or by any 'family member'."
 {¶ 37} In its opinion, the majority finds that "[a]ccording to this definition, underinsured motorist coverage is broadened to include the Amores except for when occupying any vehicle they own" and that since Darlene Armore was occupying a vehicle owned by her at the time of the accident, appellees are not entitled to UIM coverage under Tokio's business auto policy.
 {¶ 38} I, however, disagree.
 {¶ 39} As noted by this Court in Moore v. Hartford, Delaware App. No. 02CAE-10-048, 2003-Ohio-2037: "To the extent that all employees are covered in one section of the UM/UIM endorsement, but in another section of the UM/UIM coverage the employees are only covered in limited circumstances, the policy is ambiguous. Ambiguity must be construed against the drafter of the contract and in favor of coverage.
 {¶ 40} "In addition, it is axiomatic that by adding broadened coverage to the definition of "Who is an Insured" for UIM purposes, the drive other car coverage-broadened coverage for named individuals endorsement cannot serve to reduce or restrict "Who is an Insured" under the UIM endorsement of the policy." Id.
 {¶ 41} Thus, the definition of an insured in the UM/UIM endorsement as "you" would remain unchanged by the Drive Other Car Coverage endorsement. The declarations page of the Tokio policy states that "throughout this policy the words 'you' and 'your' refer to the named insured shown in the declarations." The named insureds on the declarations include appellee, a corporation. Pursuant to Scott-Pontzer, supra., since the "you" is a corporation, the "you" in the UM/UIM endorsement includes the corporation's employees, including Tom Amore. Since the policy contains "family member" language, Darlene Amore, Tom Amore's wife, would also be an insured.
 {¶ 42} Based on the foregoing, I would find that appellees are entitled to UIM coverage under the Tokio business auto policy issued to Fujifilm.